FILED
2017 Aug-03  PM 06:34
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **JEREMY ISAAC,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL ACTION NO.** |
| | ) | _____ |
| **AZUMA LEASING, C.T., L.P. and** | ) | |
| **MAURICE GREGORY,** | ) | |
| | ) | |
| **Defendants.** | ) | |

_____

## COMPLAINT
_____

COMES NOW Plaintiff, Jeremy Isaac, by and through undersigned Counsel, and charges Defendants, Azuma Leasing, C.T., L.P. ("Azuma") and Maurice Gregory (collectively, "Defendants"), with unlawful employment practices under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq.* (hereinafter the "Fair Labor Standards Act" or "FLSA"). In support thereof, Plaintiff states the following:

## I. JURISDICTION AND VENUE

1.    This action arises under the Fair Labor Standards Act of 1938, 29 U.S.C. § 216(b). Jurisdiction is based on 28 U.S.C. § 1331.

2.     The acts complained of took place within this District and Division. Therefore, under 28 U.S.C. 1391 proper venue for this action lies within the Northern District of Alabama, Southern Division.

## II. PARTIES

3.     Plaintiff Jeremy Isaac ("Isaac") is over the age of 18, a resident of Jefferson County, Alabama and was employed during the relevant time period herein in Jefferson County, Alabama with Defendant Azuma at its Birmingham location. At all times relevant hereto, Isaac was an employee of Azuma within the meaning of 29 U.S.C. Sec. 203(e)(1).

4.     Azuma is a foreign limited partnership with its principal office located in Austin, Texas.  Azuma has an office located in Birmingham, Alabama.

5.     Maurice Gregory ("Gregory") is an individual resident of the State of Alabama and was Isaac's supervisor at the Azuma office in Birmingham at all material times relevant to this Complaint. Gregory exercised significant control over Azuma day-to-day operations in Alabama and over Isaac's employment with Azuma.

## III. FACTS

6.     Isaac adopts and re-alleges each of the foregoing paragraphs as if they were set out fully herein.

7.     Azuma is engaged in the business of leasing furniture for claimants

2

who fall victim to fire damage, flood damage, or other disasters.

8.  On February 1, 2017, Isaac began employment with Azuma as an installer and delivery driver.  At the start of his employment, Isaac was one of three employees at the Azuma office in Birmingham.

9.  Isaac worked from 8:00 a.m., and sometimes earlier, until the job was completed.

10.  Isaac was paid $13 an hour, and he reported to Maurice Gregory, a salaried supervisor.

11.  Isaac was a non-exempt employee whose duties dictated the same. The vehicle Isaac drove was under 10,000 pounds. As such, he was entitled to overtime pay for all time worked in excess of forty (40) hours in a given work week.

12.  Isaac initially worked Monday through Friday, but that soon changed to Monday through Saturday, and he occasionally worked on Sundays.

13.  Isaac was regularly required to work in excess of forty (40) hours per week.

14.  Isaac was routinely required by Gregory to work hours without pay, or, as Gregory called it, "off the clock".

15.  Isaac was routinely required by Gregory to log out of Azuma's system while on the road conducting furniture deliveries.

16.     Sometimes Isaac was required to work 19-20 hours in a day but was only paid for 11-12 hours of the day.

17.     While Isaac was paid some overtime for the hours he worked in excess of forty hours in a given work week (in accordance with his non-exempt status), Isaac was often not paid overtime for all hours he worked in excess of forty (40) hours per week.

18.      Gregory even frequently adjusted Isaac's time sheets to reflect less hours than Isaac actually worked.

19.     Isaac complained to Gregory on several occasions that it was unlawful not to be paid for all hours worked. In March of 2017, during a discussion about this topic with Gregory, Gregory told Isaac, "When I was in your position and I was hourly, I had to work when I was not on the clock. It is what you have to do before being promoted to management." Isaac replied, "that's not right. That is illegal."

20.     Within 2-3 months of Isaac's most recent complaint to Gregory about unpaid time, Gregory terminated him. The basis communicated by Gregory to Isaac for Isaac's termination was a client complaint. According to Gregory, the client had complained that Isaac refused to pick up furniture from the client's residence in Albertville. Isaac's refusal to pick up the furniture, however, was based upon company policy and a mandate from Azuma's corporate office

4

following Isaac's inquiry regarding the matter. The furniture was infested with dog hair, leaves and chiggers, and Azuma representative appropriately instructed Isaac not to deliver this furniture back to the Azuma warehouse.

21.    Gregory terminated Isaac from employment on or about June 15, 2017.

22.    The reason cited by Gregory for Isaac's termination was pretextual. Isaac was, in fact, terminated for his complaints of Azuma's unlawful pay practices.

### IV.  STATEMENT OF PLAINTIFF'S CLAIMS

### COUNT ONE
### VIOLATION OF STRAIGHT TIME AND OVERTIME PROVISIONS OF THE FLSA

23.    Isaac adopts and re-alleges each of the foregoing paragraphs as if they were set out fully herein.

24.    Isaac was regularly not paid compensation for all hours he worked, in violation of the FLSA. In fact, Gregory would cut time that Isaac submitted on his timesheets.

25.    Additionally, Isaac was not paid overtime pay for numerous hours he worked over forty (40) hours per week.

26.    Defendants' failure to pay Isaac for those hours he was required to work, and for overtime pay, was willful and intentional.

5

27.     Most of the records concerning the numbers of hours actually worked by Isaac are in the exclusive possession and sole custody and control of Defendants, and therefore, Isaac is unable to state at this time the exact amount due.

28.     Isaac is entitled to straight time for all hours worked up to forty hours in a given week and time and one half his regular hourly rate for each hour worked in excess of forty (40) hours per work week pursuant to the FLSA.

29.     Defendants did not make a good faith effort to comply with the FLSA with respect to its compensation of Isaac.

30.     As a result of Defendants' intentional and willful violations of the FLSA, Isaac has been damaged.

## PRAYER FOR RELIEF

Wherefore, Plaintiff Jeremy Isaac demands judgment against Defendants for all unpaid straight time and overtime compensation in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, prejudgment interest together with the costs of suit and reasonable attorney's fees (pursuant to § 216 of the FLSA), and such other and further relief that the Court deems proper.

## COUNT TWO

31.     Isaac adopts and re-alleges each of the foregoing paragraphs as if they were set out fully herein.

32.   Isaac's complaints to Gregory of Defendants' unlawful pay practices amounted to protected activity under the FLSA.

33.   Defendants' termination of Isaac was in retaliation for Isaac's complaints of Defendants' unlawful pay practices under the FLSA.

34.   Isaac's retaliatory termination was in violation of 29 U.S.C. § 215(a)(3) of the FLSA.

35.    Defendants' violations of § 215(a)(3) were knowing and willful, and Defendants violated that provision despite their knowledge that violations of the FLSA were at issue, and in reckless disregard of Plaintiff's right to be free from retaliation for pursuing his overtime rights under the FLSA.

## PRAYER FOR RELIEF

WHEREFORE   PREMISES   CONSIDERED,   Plaintiff   prays   for   the following relief:

A. That this Court award Plaintiff the amount of his unpaid wages and overtime wages, plus an additional equal amount as liquidated damages and/or prejudgment and post-judgment interest;

B. That plaintiff be granted judgment against Defendants for all punitive damages, back pay damages, front pay damages compensation for emotional distress and mental anguish, reasonable attorneys' fees, costs, disbursements, and interest; and

7

C. For such other and further relief as this Court deems equitable, proper

and just.

Respectfully Submitted,


*/s/ Susan Nettles Han*
Susan Nettles Han
Brice M. Johnston
Counsel for the Plaintiff,
Jeremy Isaac




**OF COUNSEL:**
Nettles Han Law, LLC
2100 First Avenue North
Suite 600
Birmingham, AL  35203
(205) 328-9445

Johnston Law Firm, P.C.
2100 First Avenue North
Suite 600
Birmingham, AL  35203
(205) 328-9445



## <u>JURY DEMAND</u>

**PLAINTIFF DEMANDS A TRIAL BY JURY FOR THE TRIAL OF THIS CAUSE.**

*/s/ Susan Nettles Han*
Susan Nettles Han

**Please serve Defendants by Certified Mail at the following addresses:**

Azuma Leasing, C.T., L.P.
C/o David Newberger
2905 San Gabriel, Suite 218
Austin, TX 78705

Maurice Gregory
288 Oxmoor Court, Suite A1
Birmingham, AL 35209